**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES SHEPPARD, <br><br> Plaintiff, <br><br> v. <br><br> MAJOR CRAIG SEARS, <br><br> Defendant. | Civil Action No. 20-2756 (MAS) (DEA) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Charles Sheppard's civil complaint. (ECF No. 1.) As this Court previously granted Plaintiff's *in forma pauperis* status in this matter (ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.   BACKGROUND**

Plaintiff is a state prisoner currently confined at New Jersey State Prison. (ECF No. 1 at 3.) For just over two weeks in January 2019, Plaintiff was placed in temporary closed custody, a form of restrictive housing at the prison. (*Id.*) While so placed, he requested access to a Koran, which Plaintiff contends his "religious belief requires him to read and study . . . on a daily basis." (*Id.*) That request was denied by prison officials. (*Id.*) Although Plaintiff contends that Defendant Security Major Craig Sears "had the authority to determine which property a prisoner is afforded"

during his time in restrictive custody and that the refusal to permit him a Koran was made pursuant to an unidentified policy put in place by Defendant, he does not allege that he ever actually interacted with Defendant, or that Defendant himself made the decision to deny Plaintiff a Koran while in restrictive custody. (*Id.*) From the complaint and an attached grievance (ECF No. 1-2 at 1), it appears that Plaintiff only became aware that Defendant has the authority to make policy decisions as to what property may be brought to restrictive custody following an answer to his grievance in July 2019.

## II.  **LEGAL STANDARD**

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to that statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal

2

conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.  **DISCUSSION**

In his complaint, Plaintiff seeks to raise two claims against a single Defendant – a claim in which he asserts he was denied his right to freely exercise his religion in violation of the First Amendment when he was not provided a Koran during his stay in restrictive custody, and a claim in which he contends that this same act violated his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. 0167 2000cc *et seq*. Plaintiff does not seek any form of injunctive relief, however, and instead seeks only money damages.

To plead a plausible claim for relief under § 1983, a plaintiff must allege facts indicating that the named defendants had personal involvement in the alleged wrongs. *Chavarriaga v. N.J.*

3

*Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations." *Murphy v. Middlesex County*, 361 F. Supp. 3d 376, 387 (D.N.J. 2019) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)). A supervisory defendant may also be held liable where he "established or enforced policies and practices [which] directly caus[ed] the constitutional violation" in question. *Chavarriaga*, 806 F.3d at 223.

Although Plaintiff seeks to hold Defendant Sears liable for the alleged violation of his free exercise of religion in this matter, he has not pled any facts connecting Sears specifically to the alleged violation. Plaintiff pleads that he was denied a Koran by unknown persons within the prison, and that he believes this may have arisen out of some policy put in place by Defendant as he was told Defendant has the authority to decide what is and what is not permissible in restrictive custody, but Plaintiff has identified no policy that gave rise to the denial of his Koran nor alleged personal involvement in the denial by Defendant. Plaintiff has therefore failed to plead facts showing that Defendant was personally involved, or that there is any actual policy or practice which was put into place by Defendant that gave rise to the alleged violation. Plaintiff has therefore failed to plead a plausible claim for relief against Defendant under § 1983, and his free exercise claim is therefore dismissed without prejudice.

Turning to Plaintiff's RLUIPA claim, the Third Circuit has held that a suit under the statute may not be brought against an individual defendant in his personal capacity, including suits for money damages. *Sharp v. Johnson*, 669 F.3d 144, 153-55 (3d Cir. 2012). State employees, such as Defendant, are likewise immune from suit for money damages in their official capacities as a function of state sovereign immunity. *Id.* (citing *Sossamon v. Texas*, 563 U.S. 277, 289-93 (2011)).

4

As Plaintiff seeks only money damages and does not seek injunctive relief, and as money damages are not available under RLUIPA in a suit against Defendant in either his personal or official capacity, Plaintiff's RLUIPA claim must be dismissed with prejudice to the extent he seeks only money damages.[1]

### IV.   CONCLUSION

For the reasons expressed above, Plaintiff's free exercise § 1983 claim is **DISMISSED WITHOUT PREJUDICE**, and his RLUIPA claim seeking only money damages is **DISMISSED WITH PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff may wish to seek some form of injunctive relief and believes that RLUIPA provides a basis for such relief, this Court's dismissal of his money damages claims with prejudice in no way prevents him from filing such a claim.